UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-CV-00441 JSD |
| ) | |
| MID-AMERICA PROGRAM SERVICE, ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Sidney Keys' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, the Court will dismiss this action for failure to state a claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Sidney Keys brings this action against the Mid-America Program Service Center and the Social Security Administration alleging civil rights violations, as well as racial and gender discrimination relative to the discontinuation of his children's social security disability payments, which had been received by him prior to October of 2023.

Plaintiff claims that in October of 2023 an individual named Laurencia Ford-Stikes contacted the Social Security Administration and told them that his children did not reside with him, but instead were residing at the Presbyterian Children's Home. Plaintiff alleges that "Missouri County Court CPS Child Protective Services therefor[e] discontinue[d] there [sic] SSA disability payments to him. . .because the children were no longer in [his] care."

Plaintiff argues that his children's social security payments should not have stopped coming to him. Plaintiff also asserts that when he first started receiving disability payments from social security, he was not receiving the proper amount for his type of disability.

Plaintiff seeks monetary relief in this action.

## Discussion

Having carefully reviewed plaintiff's complaint, the Court has determined this action must be dismissed for failure to state a claim.

It appears that plaintiff is suing the Mid-America Program Service Center, a division of the Social Security Administration, as well as the Social Security Administration, for damages for unlawful seizure of his children's social security benefits. Plaintiff also contests the amount of his own social security benefits. Plaintiff has not articulated a basis for this Court's jurisdiction; however, he claims he has been subjected to race and gender discrimination, thus the Court will first analyze plaintiff's claims under 42 U.S.C. § 1983.

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While plaintiff claims he brings this suit pursuant to § 1983, he does not expressly claim that any *particular defendant* violated his constitutional rights, despite seemingly asserting that his civil rights under the Constitution were violated.

Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability

"requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Because plaintiff fails to identify a state actor who allegedly took away his social security benefits unlawfully, he cannot maintain a § 1983 action for loss of his children's social security benefits.

Similarly, the complaint cannot maintain a claim under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) because plaintiff has not identified a federal official who allegedly violated his rights. In *Bivens*, the United States Supreme Court established a remedy for plaintiffs alleging certain constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities. *Id.* Courts have recognized that neither federal agencies nor federal officials in their official capacities can be sued for monetary damages in a *Bivens* action. *F.D.I.C. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action cannot lie against a federal agency); *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity"); *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal officials individually, not the federal government.").

Even if plaintiff had named a federal official in his individual capacity in this action, he still would be unable to state a claim for relief. There is no *Bivens* liability with respect to matters involving the denial of social security benefits. Rather, Congress's statutory scheme providing a remedy for alleged federal wrongs in this area is the exclusive means available to plaintiff. In addressing the question whether federal actors may be sued under *Bivens* in the context of challenges to an agency decision denying benefits, the Supreme Court has held that a *Bivens* action does not lie for denial of Social Security benefits. The Ninth Circuit stated:

> [t]he Supreme Court has instructed us that a *Bivens* action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies.

*Adams v. Johnson*, 355 F.3d 1179, 11–83–84 (9th Cir.2004) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988) ("When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies.")); *see also Hooker v. U.S. Dept. of Health and Human Services*, 858 F.2d 525, (9th Cir.1988) ( 42 U.S.C. § 405(h) bars state law tort claim under Federal Tort Claims Act.); *Deuschel v. Barnhart*, 2004 WL 5542429, at *5 (E.D.Cal.2004); *see Rivera v. Astrue*, 2011 WL 241981, *3 (D.Mass.2011).

*Deuschel* explained further, stating that: "[t]he Social Security Act contains a comprehensive system for review of actions taken in the course of administering it ...." *Id.* at *6. Moreover, in discussing the Supreme Court's jurisprudence with respect to *Bivens*, *Deuschel* noted:

> [T]he Court has cautioned against extending *Bivens* into new areas or recognizing new rights or claims. The Court has emphasized that so long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclose judicial imposition of a new substantive liability. Implied remedies premised on violations of constitutional rights are not created to fill in gaps of existing relief to which plaintiffs are already entitled. *Libas Ltd. v. Carillo*, 329 F.3d 1128, 1130 (9th Cir.2003). The Social Security Act having provided for a comprehensive system to challenge the decisions of which [plaintiff] complains, a *Bivens* action against

>individuals does not lie. That determination, however, does not end the matter. Plaintiff may nevertheless be entitled to obtain judicial review of her claim against the Commissioner that the procedures followed by the social security administration ... violated due process.

*Deuschel,* 2004 WL 5542429, at * 6 [brackets added]; *see* 42 U.S.C. § 405(h) (providing for finality of the Commissioner's decision, and providing, inter alia, that: "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.").

Considering the above, to the extent that plaintiff's claims are based on the denial of social security benefits for his children, and for a reduction of social security benefits for himself, his only basis for seeking judicial review is under the statutory scheme with respect to the administration of social security benefits. *See* 42 U.S.C. § 405(g).

## Motion to Appoint Counsel

Plaintiff has filed a motion for the appointment of counsel. [ECF No. 2]. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel . . . Rather a court may request an attorney to represent any person unable to afford counsel"). Plaintiff's motion will be denied as moot, given the fact that plaintiff's claims are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of March, 2024.

                                              HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE